UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DAVID SAMPLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02689-SEB-MG |
| ) | |
| ROB GASKILL, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff Michael Sample has brought this lawsuit against defendants Jacob Hill and Rob Gaskill, alleging that they violated his constitutional rights while he was confined to a work release center administered by Bartholomew County Court Services ("BCCS"). He alleges that Mr. Hill sexually assaulted him in violation of the Eighth Amendment, that Mr. Gaskill dismissed his sexual assault allegations on the basis of sex in violation of the Fourteenth Amendment, and that Mr. Gaskill threatened to revoke his placement on community corrections if he continued to complain about Mr. Hill in violation of the First Amendment.

The defendants have moved for summary judgment on the issue of exhaustion of available administrative remedies. For the reasons explained in more detail below, the motion for summary judgment is **DENIED** as to Mr. Hill and **GRANTED** as to Mr. Gaskill.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific

portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trs.. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## FACTUAL BACKGROUND

### A. The Parties

Plaintiff Michael Sample is an inmate at Wabash Valley Correctional Facility. During the time relevant to the complaint, he was serving an executed sentence at the BCCS work release center. Dkts. 1, 1-1.

Defendant Rob Gaskill is currently the Director of Community Corrections for BCCS. Dkt. 32-1, p. 1, para. 1. During the time relevant to the complaint, he was the Director of Residential Services for BCCS. *Id.*

Defendant John Hill was a staff member at the BCCS residential work release facility during the time relevant to the complaint. Dkt. 1-1, p. 6.

### B. The Complaint

Mr. Sample initiated this action by filing the complaint on May 15, 2020. Dkts. 1, 1-1. The complaint alleges that Mr. Hill sexually assaulted Mr. Sample on multiple occasions in June 2018 under the pretext of searching his body for contraband. Dkt. 1-1, p. 3. When Mr. Sample brought these assaults to the attention of Mr. Gaskill, he allegedly threatened to throw Mr. Sample in jail if he told anyone else about these assaults. *Id.* at 8. Mr. Gaskill allegedly did not take Mr. Sample's sexual assault allegations seriously because Mr. Sample is male. *Id.* at 2.

Mr. Sample did not verify the allegations in the complaint or the allegations in his response brief under penalty of perjury. *Id.*; dkt. 39.

### C. BCCS Work Release Participant Manual

Upon admission to the BCCS work release facility, participants are given a copy of the work release participant manual ("the manual"). Dkt. 32-1, p. 2, para. 5. Mr. Sample signed a form acknowledging that he received a copy of the manual on February 22, 2018. *Id.* at 13.

In a section titled "Grievance Procedures," the manual provides the following instructions on how to file a grievance:

> If you are having a conflict with a staff member or if you disagree with a policy at the Bartholomew County Community Corrections Center, the following steps should be followed to resolve the conflict.
>
> You should first discuss the matter with the Staff member, in an attempt to resolve the matter.
>
> If there is no satisfactory resolution at this point, complete the following steps.
>
> - Complete a grievance form. Grievance forms are located in the common area of your Pod. It is important that this form be as specific as possible so the Residential Supervisor or Director of Residential Services can consider the issue as completely as possible.
>
> - Ask a Residential Officer for an envelope. Seal it and address it to the Residential Supervisor. If the grievance is about the Residential Supervisor, then address the envelope to the Director of Residential Services.
>
> - Place the sealed envelope in the safe located in the vending hallway.
>
> - A meeting will be arranged within 48 hours, with the exception of weekends and holidays, to discuss the issue and come up with a satisfactory solution if possible.
>
> - If the Residential Supervisor cannot resolve the grievance, it shall be appealed to the Director of Residential Services, and set for review.

*Id.* at 15.

The grievance form asks participants to provide the following information: their name, the date, the staff member they discussed the issue with, a description of what occurred, the location where it occurred, the date when it occurred, and the remedy they would like to see. *Id.* at 16.

In a section titled "Prison Rape Elimination Act (PREA)," the manual describes the procedures for reporting a staff member's sexual misconduct. *Id.* at 9-14. The manual states that BCCS has "Zero Tolerance for all forms of Sexual Misconduct, Sexual Abuse, or Sexual

Harassment between participants in the Community Corrections Center and staff, volunteers, visitors, contractors, or other program participants." *Id.* at 9. The manual encourages participants "to report instances of sexual misconduct, sexual assault, or sexual harassment to any program staff member. Participants may also make a report through a grievance form, by contacting the Community Corrections Center's PREA Hotline at (812) 565-5922, or by dialing *812 on the Pod Phones." *Id.*

Mr. Sample signed a form acknowledging that he understood the policy for reporting sexual misconduct on February 22, 2018. *Id.* at 14. The form he signed states the following:

> If you are a victim of sexual assault, sexual misconduct, sexual harassment or staff sexual misconduct, you can report it in one of the following ways:
>
>> Notify a staff member
>> Tell you Case Manager, Probation Officer, or Parole Officer
>> File a Grievance directly with the Director of Residential Services
>> Call the BCCC PREA Hotline @ 812.565.5922
>> Dial *812 on Pod Phones to speak to Sheriff's Department Detectives
>> Make a Report to the Columbus Police Department located at 123 Washington Street
>> Make a Report to the Bartholomew County Sheriff's Department located at 543 2nd Street

*Id.*

The manual assures participants that all allegations of sexual misconduct "will be investigated thoroughly and with respect to the Participant's safety, dignity, and privacy, without fear of retaliation." *Id.* at 9.

### D. Mr. Sample's Report of Sexual Misconduct

On June 23, 2018, Mr. Gaskill was informed by lead resident supervisor Billy Bryant that Mr. Sample had alleged that Mr. Hill had sexually assaulted him on multiple occasions under the pretense of searching him for contraband. *Id.* at 4, para. 11. Mr. Gaskill told Mr. Bryant to have Mr. Sample provide a written statement describing his allegations. *Id.*

5

Mr. Sample provided his statement on a piece of notebook paper, rather than on a grievance form. *Id.* at 17-18. The written statement is dated June 23, 2018. *Id.* The contents of the written statement described a pattern of alleged sexual assault by Mr. Hill in June 2018. *Id.* As a remedy, Mr. Sample asked that a staff member other than Mr. Hill be responsible for searching him for contraband. *Id.* at 18. Thus, his written statement provided the same information that would have been requested by a grievance form. *Compare id.* at 16 *with id.* at 17-18.

Mr. Gaskill reviewed Mr. Sample's written statement and investigated his allegations. *Id.* at 4, para. 11. On June 26, 2018, Mr. Gaskill determined that Mr. Hill had not engaged in sexual misconduct and denied his request for relief on the merits. *Id.*

Mr. Sample was successfully discharged from work release on August 15, 2018. *Id.* at 6. On April 26, 2020, he mailed a letter to Sonja Love, a PREA coordinator for the Indiana Department of Correction. *Id.* at 19. The letter states that his complaints of sexual misconduct at BCCS were not properly investigated and that he did not have time between the conclusion of the investigation and his release from the work release center to properly grieve the manner in which the investigation was conducted. *Id.*

## III.
## DISCUSSION

### A. Exhaustion Standard

The substantive law applicable to this motion for summary judgment is the PLRA, which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The

6

requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). The Supreme Court has held that: "A centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an invigorated exhaustion provision." *Id.* at 84.

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants in this case bear the burden of demonstrating that Mr. Bailey failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

"If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Id.* at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Administrative remedies are primarily "unavailable" to prisoners where "affirmative misconduct" prevents prisoners from pursuing administrative remedies. *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *see also Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir.2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Kaba*, 458 F.3d at 680, 686 (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him,

7

and solicited other inmates to attack him in retaliation for filing grievances"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms). However, "unavailability" extends beyond "affirmative misconduct" to include omissions by prison personnel, particularly failing to inform the prisoner of the grievance process. *See King*, 781 F.3d at 895–96.

### B. Eighth Amendment Claim against Mr. Hill

The defendant argues that Mr. Sample's written statement did not satisfy his obligation to exhaust his available administrative remedies before bringing suit in federal court. This argument leans into the grievance policy's procedural requirements, specifically the requirement that a grievance be submitted on a grievance form. Dkt. 34, p. 8.

It is well-established that if officials at a prison, jail, or other correctional facility deny a prisoner's grievance on the merits, "the grievance has served its function of alerting the state and inviting corrective action, and the defendants cannot rely on the failure to exhaust defense." *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (failing to list defendants on the grievance form is excused where prison officials denied the inmate's grievance on the merits); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (when officials reject an untimely grievance on the merits, "the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."); *McDaniel v. Meisner*, 617 F. App'x 553, 558 (7th Cir. 2015) (improperly raising multiple issues in a single grievance is excused where prison officials reject the issues raised in the grievance on the merits).

The manual states that a work release participant who wishes to report sexual misconduct by a staff member may do so by notifying a staff member or by filing "a Grievance directly with the Director of Residential Services." Dkt. 32-1, p. 14. Mr. Sample took both of those actions.

8

First, he notified Mr. Bryant, the lead resident supervisor, about the misconduct. *Id.* at 4, para. 11. Then, he submitted a written statement directly to Mr. Gaskill, the Director of Residential Services, describing the misconduct in detail. *Id.* at 17-18. Although his statement was written on notebook paper, it contained the same information that would have been included on a grievance form. *Id.* at 16-18.

Practically speaking, Mr. Sample's written statement was a grievance—it just was not submitted on a grievance form. If BCCS officials had denied the written statement on procedural grounds, the Court would be required to grant summary judgment in favor of Mr. Hill. However, Mr. Gaskill reviewed Mr. Sample's written statement, investigated his allegations, and denied his request for relief on the merits. *Id.* at 4, para. 11. This case is analogous to those where prison officials deny an untimely grievance on the merits rather than on procedural grounds, or where prison officials review a grievance that improperly raises multiple issues. Mr. Sample's written statement alerted BCCS officials to the alleged misconduct and provided them with the opportunity to take corrective action before Mr. Sample filed a lawsuit in federal court. BCCS officials reviewed his complaint and investigated his allegations but did not choose to take any corrective action. Therefore, by submitting a written statement directly to Mr. Gaskill, Mr. Sample exhausted his administrative remedies as to his Eight Amendment sexual assault claim against Mr. Hill.

The defendant has not provided any evidence that Mr. Sample's allegations would have been reviewed or investigated in a different manner or by different officials if he had submitted his written statement on a grievance form rather than on notebook paper. The fact that BCCS has "Zero Tolerance for all forms of Sexual Misconduct, Sexual Abuse, or Sexual Harassment between participants in Community Corrections Center and staff," that allegations of sexual misconduct "will be investigated thoroughly and with respect to the Participant's safety, dignity, and privacy,

without fear of retaliation," and that grievances related to staff misconduct are submitted directly to the Director of Residential services, suggests the opposite. *Id.* at 9.

The Court makes no determination about whether a PREA complaint would satisfy an inmate's obligation to exhaust available administrative remedies in other contexts or at other facilities. The Court's decision narrowly addresses the evidence that has been submitted—that is to say, the administrative processes at the BCCS work release center, the contents of Mr. Sample's written statement, and the investigation and deliberation performed by Mr. Gaskill.

For these reasons, the motion for summary judgment is **DENIED** as it relates to Mr. Sample's Eighth Amendment sexual assault claim against Mr. Hill.

### C. First and Fourteenth Amendment Claims against Mr. Gaskill

Mr. Sample did not file a grievance regarding Mr. Gaskill's alleged retaliation or equal protection violation. *Id.*, pp. 4-5, 19. He argues in his response brief that the grievance process was not available to him because Mr. Gaskill threatened to revoke his placement on community corrections if he made additional complaints against Mr. Hill and because his attempts to obtain grievance forms after he left the work release center were ignored. Dkt. 39, pp. 2-6.

As a general principle, "a plaintiff may not rely on mere allegations or denials in his complaint when opposing a properly supported motion for summary judgment." *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020). However, " a verified complaint—signed, sworn, and submitted under penalty of perjury—can be considered 'affidavit material'" if it otherwise complies with Rule 56 of the Federal Rules of Civil Procedure. *Id.* (citing *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996)).

Mr. Sample's complaint and response brief were not verified under penalty of perjury, and the statements in those filings cannot be used to defeat Mr. Gaskill's motion for summary

judgment. The letter he sent to Ms. Love asked for an investigation into the way BCCS handles reports of sexual misconduct, but it did not request BCCS grievance forms or indicate an attempt to use the BCCS grievance process to complain about discrimination or retaliation. Mr. Sample's argument that he did not have time to grieve the investigation before his release is belied by the fact that he remained at the work release center for seven weeks after the investigation was concluded. Although Mr. Sample states that he sent a letter to Mr. Gaskill requesting grievance forms after he left the facility, dkt. 39, p. 1, no such letter has been submitted as evidence.[1]

For these reasons, the motion for summary judgment is **GRANTED** as it relates to the claims against Mr. Gaskill.

## IV.
## SUMMARY AND FURTHER PROCEEDINGS

The motion for summary judgment, dkt. [32], is **DENIED as it relates to the claims against Mr. Hill and GRANTED as it relates to the claims against Mr. Gaskill.**

The record before the Court shows that Mr. Sample is entitled to summary judgment on Mr. Hill's exhaustion defense. Pursuant to Rule 56(f)(1), the Court gives Mr. Hill notice of its intent to grant summary judgment in Mr. Sample's favor on this issue. Mr. Hill has through **May 14, 2021**, to respond to the Court's proposal. Alternatively, Mr. Hill may withdraw his affirmative defense as it relates to this claim by that date. The failure to respond by that deadline will be interpreted by the Court as a withdrawal of the exhaustion defense.

---

[1] In his response brief, Mr. Sample asks the Court to compel Mr. Gaskill to produce this letter. Dkt. 39, p. 1. The parties were given an opportunity to conduct discovery on the issue of exhaustion before the dispositive motion deadline. Dkt. 31, p. 2. Mr. Sample has not shown good cause to excuse his delay in seeking this evidence, nor has he certified that he made a good faith effort to resolve this discovery dispute with the defendants before seeking the Court's assistance, as required by Federal Rule of Civil Procedure 37(a)(1). For these reasons, the Court **denies Mr. Sample's request to compel production of the letter**.

The **clerk is directed** to remove Rob Gaskill as a defendant on the docket.

**IT IS SO ORDERED**.

Date: 5/5/2021

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DAVID SAMPLE
134260
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com