UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID SAMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02689-SEB-MG |
| | ) | |
| JACOB HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Michael Sample claims that Jacob Hill sexually assaulted him three times while he was incarcerated at a Bartholomew County work release center under the pretense of patting him down for contraband. Officer Hill has moved for summary judgment, arguing that these pat downs were lawful searches for contraband and were not intended for sexual gratification. The evidence does not support a reasonable conclusion that Officer Hill sexually assaulted Mr. Sample, and Officer Hill's motion for summary judgment is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schools*, 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v.*

*Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II. Factual Background

During the relevant time period, Mr. Sample was a convicted prisoner on work release at the Bartholomew County Community Correction Center ("the Center"). Dkt. 65-3, pp. 91-92. He claims that on three occasions in June 2018, Officer Hill sexually assaulted him while checking him into the Center under the pretense of patting him down for contraband. Dkt. 1, p. 2.

### A.  Process for Checking Work Release Participants into the Center

Work release participants are searched for contraband when they return to the Center from their outside employment. Dkt. 65-1, para. 4. Upon returning to the Center, the participant encounters an officer in the foyer and puts his belongings in a basket. Dkt. 65-2, para. 3. The officer searches the participant by waving a metal detector wand. *Id.* The participant and the officer then walk through a door to a hallway outside the locker room, where the officer searches the participant's belongings. *Id.* If no contraband is found, the participant may enter the locker room

2

and place his belongings in a locker. *Id.* The participant then returns to the hallway where the officer performs a clothed pat down and administers a breathalyzer. *Id.* If the officer does not detect contraband or alcohol, the officer walks the participant to the residential pod. *Id.*

### B. Officer Hill's Pat Down Training and General Practice

Officer Hill was trained to conduct pat downs by starting at the top of the participant's body and working his way down. Dkt. 65-2, para. 5. He wears gloves and only touches the participant over his clothing or on exposed skin. *Id.* He starts with the shirt collar and proceeds to the shoulders, across the arms and hands on each side, upper back, underarms, chest, stomach, lower back, waistband and area around it, the front pocket areas, around the buttocks, the back pocket areas, and each leg separately from the upper thigh to the foot. *Id.* The buttocks are touched below the waistband and on the back pocket area. *Id.* The pat down near and around the waistband involves touching near the groin but does not include deliberately touching the participant's penis. *Id.* Nevertheless, an accidental touching is possible. *Id.*

Officer Hill states that he never touched a participant in a sexual manner, for sexual gratification, or to humiliate the participant during a pat down or at any other time. *Id.* at para. 6.

### C. Pat Downs Involving Mr. Sample

This case involves three pat downs that Mr. Sample received from Officer Hill in June 2018. Each occurred around midnight when he returned from work. Dkt. 65-4, pp. 17-19. The first pat down occurred sometime in early June. *Id.* at 17. The second occurred on just before midnight on June 21. Dkt. 65-3, p. 118. The third occurred just after midnight on June 23. *Id.* at 167. Surveillance video of the pat down in early June is not in evidence, but surveillance video of the pat downs on June 21 and June 23 are in evidence. *See* Manuel Filing at dkt. 68.

### 1. Pat Down in Early June

Mr. Sample testified that during the pat down in early June, Officer Hill stood up after patting down his left leg and foot and made a "pelvic thrust into his [butt]." Dkt. 65-3, p. 107. This contact lasted "a split second or to." *Id.* at 111-12. At the time, Mr. Sample believed that this contact was accidental, and that Officer Hill had simply fallen into him as he stood up after patting down his left leg and foot. *Id.* at 110. Officer Hill does not remember this pat down but denies ever touching Mr. Sample in a sexual manner, for sexual gratification, or to humiliate Mr. Sample. Dkt. 65-2, paras. 6-7.

### 2. Pat Down on June 21

On June 21, Mr. Sample returned to the Center and was met by Officer Hill. Dkt. 65-3, p. 115. He showed Officer Hill his keys and told him that he did not have any other belongings on him. *Id.* at 115-18. Officer Hill said, "Okay, cool." *Id.* at 118. When they reached the area outside the locker room, Mr. Sample walked into the locker room without waiting for Officer Hill to search his belongings. *Id.* He did this because he thought Officer Hill understood that he did not have any belongings to search. *Id.* Officer Hill ordered Mr. Sample to come back and submit to a brief pat down. *Id.* According to Mr. Sample, Officer Hill allegedly smacked Mr. Sample's penis through his shorts with the back of his hand during this pat down. *Id.* at 120-22.

The surveillance video of this incident shows that this pat down lasted two seconds. *See* Manual Filing at dkt. 68. Officer Hill used one hand to pat down each leg of Mr. Sample's shorts. *Id.* The surveillance video does not show Officer Hill touching or smacking Mr. Sample's penis. *Id.* At his deposition, Mr. Sample acknowledged that the video does not show this conduct, but he claimed that this conduct can be inferred from the movement of his shorts during the pat down. Dkt. 65-3, p. 122.

After this initial pat down, Mr. Sample returned to the locker room. Dkt. 68. Officer Hill then conducted a full pat down without incident. *Id.*

### 3. Pat Down on June 23

On June 23, Mr. Sample returned to the Center just after midnight and was met by Officer Hill. After Mr. Sample placed his belongings in the locker room, Officer Hill conducted a pat down without incident. Mr. Sample testified in his deposition that Officer Hill squeezed his buttocks and anus for several seconds. Dkt. 65-3, p. 167. The surveillance video shows that Officer Hill did not squeeze Mr. Sample's buttocks and that he merely patted down his shorts. Dkt. 68. Officer Hill moved his hands continuously from the top of Mr. Sample's body to his feet. *Id.* At no point during the pat down did Officer Hill's hands linger on or squeeze Mr. Sample's buttocks. *Id.* The pat down lasted ten seconds. *Id.* Officer Sample patted down Mr. Sample's shorts for about five seconds. *Id.*

### III. DISCUSSION

Mr. Sample claims that the three pat downs in June 2018 violated his rights under the Eighth Amendment because they were sexual assaults conducted under the pretense of searches for contraband. *See* dkt. 18 (screening order).

A correctional officer conducting a pat down can violate the Eighth Amendment in two ways—by maliciously inflicting pain, or by performing some action that is "intended to humiliate the victim or gratify the assailant's sexual desires." *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014) (citing *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (pain); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (humiliation or sexual gratification)).

In this case, Officer Hill conducted three routine pat downs of Mr. Sample in accordance with the Center's policies for searching participants upon their return from outside employment. The Center's policies prohibit officers from deliberately touching a participant's genitals during a

search for contraband but acknowledge that some accidental touching is possible. Dkt. 65-2, para. 5. The evidence shows that any alleged touching by Officer Hill of Mr. Sample's anus or genitals was brief, incidental, and in some instances, clearly contradicted by surveillance video. *See* dkt. 65-3, pp. 111-12; Manual Filing at dkt. 68.

The Court finds persuasive the Seventh Circuit's reasoning in its unpublished Order in *Gillis*:

> The entire pat-down of the arms, abdomen, and legs lasts less than 10 seconds, with only a small fraction of that time spent patting down near the groin. The brevity of the lower-body portion of the pat-down thus refutes Gillis's assertion of gratuitous sexual rubbing. True, the videos record only two frames per second, and in two recordings the view of Gillis's lower body is obstructed for a couple of seconds. Therefore, it is possible that [the guards] did momentarily touch Gillis's genitals through his pants. But the defendants submitted by affidavit an uncontradicted penological justification for this kind of brief contact with the genital area over clothing during a pat-down: to check the prisoner's groin for weapons and other contraband.

*Gillis*, 554 F. App'x at 506 (citing *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004)) (upholding prison's policy of requiring inmates to be naked while providing urine sample as justified by prison's concern that inmates could contaminate or substitute their urine supplies).

As in *Gillis*, the searches here lasted between two and ten seconds. The touching of Mr. Sample's waistband and buttocks lasted no more than a few seconds. Based on this evidence, no rational jury could find that Officer Hill conducted these pat downs to humiliate Mr. Sample or for his own sexual gratification. Accordingly, Officer Hill's motion for summary judgment is **GRANTED**.

### IV. REQUEST FOR COUNSEL

In his response brief, Mr. Sample asks the Court to deny the motion for summary judgment or, in the alternative, recruit *pro bono* counsel on his behalf. Dkt. 70. The Court previously denied Mr. Sample's earlier motions for assistance recruiting counsel. Dkts. 43, 56. In denying his second

motion for counsel, the Court reasoned that Mr. Sample understands the nature of the proceedings and that the factual and legal issues in this case are not overly complex. Dkt. 56 (citing *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021)). The Court reiterates this reasoning and also relies on the Seventh Circuit's decision in *Watts v. Kidman*, 42 F.4th 755 (7th Cir. 2022) (holding that "even where a litigant's claim is nonfrivolous and factually and legally plausible such that it survives § 1915(e)(2) screening, the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'"). Accordingly, Mr. Sample's request to stay the motion for summary judgment while the Court recruits *pro bono* counsel on his behalf is **DENIED**.

### IV. CONCLUSION

Officer Hill's motion for summary judgment, dkt. [65], is **GRANTED**. His request for to stay proceedings to recruit *pro bono* counsel on his behalf is **DENIED**. This action is now **DISMISSED**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 9/9/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DAVID SAMPLE
134260
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com